UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**CRYSTALYN RATLIFF,**                )
**individually and on behalf of**         )
**J.B., her minor child,**                    )
                                                    )
    **Plaintiffs,**                                )
                                                    )    **Civil Action No.**
    v.                                             )    **20-10047-FDS**
                                                    )
**GLAXOSMITHKLINE LLC,**         )
                                                    )
    **Defendant.**                                )
_____)

## ORDER TO SHOW CAUSE AND GRANTING MOTION TO WITHDRAW

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 10, which required each plaintiff to submit a Product Identification Fact Sheet, complete with a signed verification. (Dkt. No. 251 ¶ 1, Ex. 1). That same day, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet with a signed declaration as well as authorizations and releases for health insurance and medical records. (Dkt. No. 252 ¶¶ 4, 14). It also required plaintiffs to produce documents relating to a variety of issues. (Dkt. No. 252 ¶ 3, Ex. 2). Both Orders provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories." (Dkt. No. 251 ¶ 7; Dkt. No. 252 ¶ 17).

The complaint in this action was filed on January 10, 2020. Accordingly, plaintiffs' Product Identification Fact Sheet and signed verification was due on February 10, 2020, and their Plaintiff Fact Sheet was due on March 10, 2020. (*See* Dkt. No. 251 ¶ 4; Dkt. No. 252 ¶ 11).

On August 13, 2020, counsel for GlaxoSmithKline LLC ("GSK") sent a letter notifying plaintiffs' counsel that the verified Product Identification Fact Sheet, the Plaintiff Fact Sheet, and the documents required by MDL Order No. 11, Exhibit 2, were overdue. (GSK Mem., Ex. 1). GSK's counsel requested that plaintiffs provided the missing documents by August 27, 2020, or it would seek dismissal or other appropriate relief from the Court. (*Id.*).

On August 27, 2020, plaintiffs submitted a Plaintiff Fact Sheet and answered "unknown" to a substantial number of the questions. (GSK Mem., Ex. 2). The document included a typed name on the signature line and was dated August 27, 2020. (*Id.*). A hand-signed declaration for the document was also served on GSK on August 27, 2020, but it was dated June 8, 2020. (GSK Mem., Ex. 3). Plaintiffs also submitted an affidavit dated June 28, 2016, that alleges Zofran use in 2001 and 2002, but have submitted no Product Identification Fact Sheet or any other documents that address many of the questions on that sheet. (GSK Mem., Ex. 4).

On September 8, 2020, counsel for GSK sent a letter notifying plaintiffs' counsel that the submitted Plaintiff Fact Sheet was deficient and that other required documents had not been produced. (GSK Mem., Ex. 5). GSK's counsel requested that plaintiffs provide an amended and corrected Plaintiff Fact Sheet and the required documents by September 18, 2020, or it would seek dismissal from the Court. (*Id.*).

On September 17, 2020, counsel for plaintiffs filed a motion to withdraw as attorney due to his inability to secure plaintiffs' compliance with their discovery obligations. (Pl. Mot. at 1-2). On September 30, 2020, GSK filed a motion for an order to show cause as to why the case should not be dismissed for failure to prosecute and/or failure to provide court-ordered discovery. (GSK Mot. at 1).

Plaintiffs are required to make their "best efforts to answer every question as specifically as possible" on the Plaintiff Fact Sheet. (Dkt. No. 252, Ex. 1 ¶ 3). Plaintiffs here answered "unknown" to ascertainable questions, such as height and martial status. (GSK Mem., Ex. 2). Plaintiff's responses, as set forth in the Plaintiff Fact Sheet, therefore do not comply with the Court's Order. Further, plaintiffs have not submitted a verified Product Identification Sheet or other required documents. It thus appears that they have failed to comply with MDL Order Nos. 10 and 11.

The motion to withdraw is GRANTED, effective December 10, 2020, or upon the filing of an appearance by new counsel or a written notice by plaintiffs that they intend to proceed *pro se*. New counsel, or plaintiffs proceeding *pro se*, are hereby ORDERED to show cause in writing within 45 days (that is, on or before December 10, 2020) why this case should not be dismissed for failure to comply with discovery obligations. If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

**So Ordered.**

Dated: October 26, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court